IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA WILLIAMS; MARION WILLIAMS, | |
| Plaintiffs, | No. 2:09-cv-01805 JAM KJN PS |
| v. | |
| INDYMAC BANK, Federal Savings Bank (F.S.B.); INDYMAC BANCORP, INCORPORATION, Federal Savings Bank (F.S.B.); ONE WEST BANK, Federal Savings Bank (F.S.B.); TREASURY BANK NATIONAL ASSOCIATION/COUNTRYWIDE BANK F.S.B./CENTENNIAL BRANCH/ BANK OF AMERICA, NATIONAL ASSOCIATION (ASSIGNED BENEFICIARY); MTC FINANCIAL INC., dba, TRUSTEE CORPS. (APPOINTED SUBSTITUTED TRUSTEE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) (A SEPARATE CORPORATION) (ORIGINAL BENEFICIARY); CHICAGO TITLE COMPANY, (ORIGINAL TRUSTEE); LOANWORKS, (ORIGINAL LOAN SERVICER); MAJESTIC HOMES/GLADYS ALVARADO, AGENT FOR TREASURY BANK, NATIONAL ASSOCIATION; FIDELITY NATIONAL TITLE INSURANCE COMPANY/(SINUON SENG AN EMPLOYEE FOR FIDELITY NATIONAL TITLE), AGENT FOR TRUSTEE CORPS); and DOES 1-100, | |
| Defendants. | ORDER |
| _____/ | |

1

1       Plaintiffs, who are proceeding without counsel and in forma pauperis, filed an
2  Amended Complaint on December 1, 2009.[1]  (Dkt. Nos. 2, 10.)
3       The court is required to screen complaints brought by parties proceeding in forma
4  pauperis.  See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir.
5  2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
6  prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to
7  28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma
8  pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the
9  action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
10 monetary relief against an immune defendant.  See also Lopez, 203 F.3d at 1126-27 ("It is also
11 clear that section 1915(e) not only permits but requires a district court to dismiss an in forma
12 pauperis complaint that fails to state a claim.").
13      Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a
14 plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims
15 showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Bell Atl. Corp. v. Twombly, 550
16 U.S. 544, 554 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain
17 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
18 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'")
19 (modification in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Plaintiffs'
20 Amended Complaint is anything but a "short and plain" statement.  It is a rambling, 159-page
21 pleading, not including exhibits, that attempts to plead over 20 claims for relief against all of the
22 defendants named.  The undersigned has difficulty believing that plaintiffs could not plead their
23 claims for relief in fewer than 159 pages, and similarly has concerns about whether plaintiffs'

---

25   [1] This case was referred to the undersigned pursuant to Eastern District of California
   Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered
26 February 9, 2010 (Dkt. No. 11).

2

1  factual allegations in support of every claim actually pertain to "all defendants."

2  Nevertheless, the undersigned cannot conclude on the present record that
3  plaintiffs' Amended Complaint fails to state claims on which relief can be granted.  The
4  undersigned reserves decision as to plaintiffs' claims until the record is sufficiently developed,
5  and this order in no way precludes defendants from challenging plaintiffs' Amended Complaint
6  through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate
7  method of challenging plaintiffs' pleading.  Accordingly, the undersigned will order service of
8  the Amended Complaint.

9  For the foregoing reasons, IT IS HEREBY ORDERED that:

10  1.  Service of plaintiffs' Amended Complaint is appropriate for the following
11  defendants: (1) Indymac Bank, FSB; (2) Indymac Bancorp, Incorporation, FSB; (3) One West
12  Bank, FSB; (4) Treasury Bank, N.A., and/or its successors named in the Amended Complaint;
13  (5) MTC Financial Inc.; (6) Mortgage Electronic Registration Systems, Inc.; (7) Chicago Title
14  Company; (8) Loanworks; (9) Majestic Homes/Gladys Alvarado; and (10) Fidelity National Title
15  Insurance Company and/or Sinuon Seng.

16  2.  The Clerk of the Court is directed to issue forthwith all process pursuant to
17  Federal Rule of Civil Procedure 4.

18  3.  The Clerk of Court shall send plaintiff one USM-285 form, one summons,
19  an endorsed copy of the Amended Complaint filed December 1, 2009 (Dkt. No. 10), this court's
20  scheduling order, and the forms providing notice of the magistrate judge's availability to exercise
21  jurisdiction for all purposes.

22  4.  Plaintiffs are advised that to effectuate service, the U.S. Marshal will
23  require:

24  a.  One completed summons;
25  b.  One completed USM-285 form for each defendant to be served;
26  c.  A copy of the Amended Complaint for each defendant to be served,

with an extra copy for the U.S. Marshal; and

        d.    A copy of this court's scheduling order and related documents for each defendant to be served; and

     5.    Plaintiffs shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal.*

     6.    The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiffs, without prepayment of costs. *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

     7.    The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

     8.    Plaintiffs' failure to comply with this order may result in a recommendation that this action be dismissed.

     IT IS SO ORDERED.

DATED: July 9, 2010

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE