IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDRA WILLIAMS; MARION WILLIAMS, | | |
| Plaintiffs, | | No. 2:09-cv-01805 JAM KJN PS |
| v. | | |
| INDYMAC BANK, Federal Savings Bank (F.S.B.), et al., | | |
| Defendants. | | ORDER TO SHOW CAUSE |
| _____/ | | |

        In an order dated July 9, 2010, the undersigned granted plaintiffs' application to proceed in forma pauperis and ordered the service of plaintiffs' complaint on several defendants. (Dkt. No. 12.)  That order directed the Clerk of Court to send certain materials to plaintiffs in relation to service of their complaint, and the Clerk of Court did so on July 13, 2010.  (Dkt. Nos. 13, 14.)  The court's order also provided that: "Plaintiffs shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*."  (Dkt. No. 12 at 4.)  It further provided that "[p]laintiffs' failure to comply with this order may result in a recommendation that this action be dismissed."  (Id.)

1   As of the date of this order, plaintiffs have not filed the required statement
2   notifying the court that they timely submitted the required service documents to the United States
3   Marshal. Plaintiffs' failures to comply with the court's order and prosecute their lawsuit are
4   grounds for dismissal. <u>See</u> Fed. R. Civ. P. 41(b); Local Rules 110 ("Failure of counsel or of a
5   party to comply with these Rules or with any order of the Court may be grounds for imposition
6   by the Court of any and all sanctions authorized by statute or Rule or within the inherent power
7   of the Court."), 183(a) (providing that a party proceeding without counsel is "is bound by the
8   Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law," and that
9   failure to comply with these authorities "may be ground for dismissal, judgment by default, or
10  any other sanction appropriate under these Rules"); see <u>Hells Canyon Preservation Council v.</u>
11  <u>U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an
12  action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to
13  prosecute or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46
14  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a
15  proper ground for dismissal."); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se
16  litigants must follow the same rules of procedure that govern other litigants.").
17           Accordingly, IT IS HEREBY ORDERED that:
18           1.   On or before September 16, 2010, plaintiffs shall file a written statement
19  with the court showing good cause why their lawsuit should not be dismissed for failure to
20  prosecute and failure to comply with the court's order.
21           2.   Plaintiffs' failure to file the required writing shall constitute additional
22  grounds for dismissal of this action.
23           IT IS SO ORDERED.
24  DATED: September 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE