IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDRA WILLIAMS; MARION WILLIAMS, | | |
| Plaintiffs, | No. 2:09-cv-01805 JAM KJN PS | |
| v. | | |
| INDYMAC BANK, Federal Savings Bank (F.S.B.), et al., | | |
| Defendants. | FINDINGS AND RECOMMENDATIONS | |
| _____/ | | |

I.   BACKGROUND

In an order dated July 9, 2010, the undersigned granted plaintiffs' application to proceed in forma pauperis and ordered the service of plaintiffs' amended complaint on several defendants.  (Dkt. No. 12.)  That order directed the Clerk of Court to send certain materials to plaintiffs in relation to service of their amended complaint, and the Clerk of Court did so on July 13, 2010.  (Dkt. Nos. 13, 14.)  The court's order also provided that: "Plaintiffs shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal.*"  (Dkt. No. 12 at 4.)  It further provided that "[p]laintiffs' failure to comply with this order may

1

1  result in a recommendation that this action be dismissed." (Id.)

2    Plaintiffs did not comply with the court's order regarding service and apparently
3  have taken no steps to effectuate service of their amended complaint on defendants. Indeed, the
4  docket reveals no activity in this case by plaintiffs since December 1, 2009, when plaintiffs filed
5  their amended complaint.

6    Because of plaintiffs' failure to act in this matter, the undersigned entered, on
7  September 2, 2010, an Order to Show Cause ("OSC"). (Dkt. No. 15.) The OSC required
8  plaintiffs to file, no later than September 16, 2010, "a written statement with the court showing
9  good cause why their lawsuit should not be dismissed for failure to prosecute and failure to
10 comply with the court's order." (OSC at 2.) The OSC clearly warned plaintiffs that their
11 "failures to comply with the court's order and prosecute their lawsuit are grounds for dismissal,"
12 and that plaintiff's failure to respond to the OSC "shall constitute additional grounds for
13 dismissal of this action." (Id.)

14   The court's docket reveals that, to date, plaintiffs: (1) still have not filed the
15 required statement notifying the court that they timely submitted the required service documents
16 to the United States Marshal, and (2) failed to respond to the OSC. It readily appears to the
17 undersigned that plaintiffs have abandoned their case. Accordingly, the undersigned
18 recommends that this action be dismissed with prejudice.

19 II. DISCUSSION

20   Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an
21 action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,
22 failure to comply with the court's local rules, or failure to comply with the court's orders.[1] See,
23 e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

24 ─────────

25  [1] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the
26 action or any claim against it." Fed. R. Civ. P. 41(b).

*sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. <u>See</u> E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. <u>See</u>, <u>e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

<u>Id</u>. at 1260-61; <u>accord</u> <u>Pagtalunan</u>, 291 F.3d at 642-43; <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, the five relevant factors

1  weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this
2  action.  Plaintiffs' failure to assist the United States Marshal's office in serving the amended
3  complaint and failure to communicate with the court in over one year strongly suggests that
4  plaintiffs have abandoned this action or are not interested in seriously prosecuting it.  See, e.g.,
5  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in
6  expeditious resolution of litigation always favors dismissal.").  Plaintiffs' failure to respond to
7  the OSC after four months, despite clear warnings that their case would be dismissed for failure
8  to respond, further supports the conclusion that plaintiffs have abandoned this action.  Any
9  further time spent by the court on this case, which plaintiffs have demonstrated a lack of any
10 serious intention to pursue, will consume scarce judicial resources and take away from other
11 active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power
12 to manage their dockets without being subject to noncompliant litigants).

13         In addition, the third factor, which considers prejudice to a defendant as a result of
14 plaintiffs' failure to prosecute their action and comply with the court's orders should be given
15 some weight.  See Ferdik, 963 F.2d at 1262.  The defendants have been subject to service of
16 plaintiffs' complaint since July 2010, but plaintiffs have taken no steps to advise defendants of
17 this fact or effectuate service.  Although it is difficult to quantify the prejudice suffered by
18 defendants here, it is enough that defendants have been named in a lawsuit that plaintiffs have
19 effectively abandoned.  At a minimum, defendants have been prevented from attempting to
20 resolve this case on the merits by plaintiffs' unreasonable delay in prosecuting this action.
21 Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA)
22 Prods. Liab. Litig., 460 F.3d at 1227.

23         The fifth factor, which considers the availability of less drastic measures, also
24 supports dismissal of this action.  As noted above, the court has actually pursued remedies that
25 are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d
26 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

4

actually tries alternatives before employing the ultimate sanction of dismissal."). The court entered the OSC and required plaintiffs to respond to the OSC in an effort to ascertain whether plaintiffs still had any interest in pursuing their lawsuit. Furthermore, the court repeatedly advised plaintiffs that they were required to comply with the court's orders, including its order regarding service of the amended complaint. It also warned plaintiffs in clear terms that failure to comply with the court's orders could result in a recommendation of dismissal. Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33). At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation for dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263.

In light of the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' case be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The Clerk of Court close this case and vacate all future dates in this case.

////

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).
5  Such a document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendations."  Any response to the objections shall be filed with the court and served on
7  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).
8  Failure to file objections within the specified time may waive the right to appeal the District
9  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
10 1153, 1156-57 (9th Cir. 1991).
11    IT IS SO RECOMMENDED.
12 DATED: December 30, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE